Percy T. STIERS, Appellant,

v.

James I. MARTIN, Appellee.

No. 7810.

United States Court of Appeals
Fourth Circuit.

Argued March 17, 1959.

Decided March 20, 1959.

Clyde T. Rollins and Elizabeth O. Rollins, Greensboro, N. C. (Rollins & Rollins, Greensboro, N. C., on brief), for appellant.

J. Kenneth Lee, Greensboro, N. C., (Major S. High, Greensboro, N. C., on brief), for appellee.

Before SOPER and HAYNSWORTH, Circuit Judges, and BOREMAN, District Judge.

PER CURIAM.

James I. Martin sought to recover from Percy T. Stiers damages in the amount of $10,000 for alleged breach of an oral contract. The case was tried by the Court without a jury and judgment was rendered in favor of Martin for $2,500. Although appellant Stiers was present in court during the trial, he did not take the witness stand to either deny or explain positive and direct testimony as to the alleged breach of the contract. There is no explanation in the record of his failure to testify.

The District Court filed a written opinion containing findings of fact and conclusions of law (Martin v. Stiers, 165 F. Supp. 163, 167). Appellant filed his motion to set aside the judgment and grant a new trial.

Briefly, the parties orally agreed that ten acres of land owned or controlled by appellant should be planted in tobacco. Appellee was to furnish labor for preparing the soil and for planting, cultivating, harvesting, curing and marketing the crop; also necessary trucks and tractors. Appellant was to provide the land, tobacco plants, fertilizers, curing barns, pack houses and other facilities required for cultivating, harvesting, curing and marketing. Each party was to receive one-half of the proceeds from the sale of the crop.

The District Court found, from the evidence, that appellant failed to comply with his agreement to furnish required and adequate curing barns and storage facilities, so that a large portion of the crop spoiled in the field and much of the cured tobacco rotted in the storage barns; that the crop, which could reasonably have been anticipated but for appellant's breach, would have brought $6,000 on the market; that appellee would have been entitled to his one-half share or $3,000, less the amount it would have cost him to complete his part of the agreement as to harvesting, curing and marketing; that the entire crop brought a total of $106, all of which was kept by the appellant.

The parties are in agreement that the District Court correctly stated the pertinent law of damages as follows:

"The correct measure of damages would be the difference between the share that plaintiff would have received from the sale of the crop, less the amount it would have cost him to complete the contract."

On the motion for a new trial, appellant charged that certain testimony presented at the trial was false and that there was no competent evidence upon which to base a determination of the amount it would have cost appellee to "complete the contract". The District

Court admitted possible merit in the contention as to the sufficiency of the evidence and offered to sign an order granting a new trial for the sole purpose of receiving evidence as to such completion costs. However, it appears from the Court's order that " * * * counsel for the plaintiff in open court agreed to consent to such an order; That thereafter, defendant, through his counsel, withdrew his request for a new trial if said new trial was to be confined to the issue as stated above". The motion for a new trial was thereupon denied.

Apparently appellant does not contend that there was *no* evidence before the trial court as to the breach of contract on his part, but seeks now to show that there is other evidence to the contrary or reasons why *this* court should not believe the testimony of appellee's witnesses and, in some instances, the testimony of appellant's *own* witnesses. We note particularly the unexplained failure of the appellant to testify as to matters which were clearly within his own personal knowledge and his failure, at the trial, to challenge the truth of testimony subsequently charged by him to be false.

The District Court, sitting without a jury as the trier of facts, determines the credibility of all the witnesses and the weight to be accorded their testimony. Findings of fact by the trial judge will not be disturbed unless clearly erroneous. Safeway Trails v. Allentown & Reading Transit Co., 4 Cir., 1950, 185 F.2d 918; United States v. Still, 4 Cir., 1941, 120 F.2d 876, certiorari denied 314 U.S. 671, 62 S.Ct. 135, 86 L.Ed. 537.

Noting further appellant's rejection of the Court's offer to receive additional testimony as to appellee's reasonable costs of contract completion, and perceiving no error in the proceedings in the District Court, the judgment is accordingly

Affirmed.